IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SANDRA ANN COZART,<br><br>                Plaintiff,<br><br>vs.<br><br>DANIEL J. JEFFREY, MD;<br><br>                Defendant. | **8:22CV333**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Sandra Ann Cozart filed a Complaint on September 16, 2022. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, a citizen of Nebraska residing in Omaha, sues Dr. Daniel Jeffrey, M.D. ("Dr. Jeffrey"), for damages stemming from the death of her husband. Plaintiff alleges that on October 7, 2020, Dr. Jeffrey asked Plaintiff's husband, James, to take a flu shot, which James did. Subsequently, on November 4, 2020, Dr. Jeffrey told James he "didn't have [a] record of the October shot and James took the shot and passed away 8 days later." Filing No. 1 at 4. Plaintiff alleges James "only took the second shot to keep Dr. Jeffrey from disrespecting me, because I was positive that he had already had that shot in October! So [Plaintiff and Dr. Jeffrey] were arguing, which upset [Plaintiff's] Husband." *Id.*

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the Court must determine whether subject-matter jurisdiction is proper. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Liberally construed, Plaintiff's Complaint alleges a state-law professional negligence claim against Dr. Jeffrey. See Olson v. Wrenshall, 822 N.W.2d 336, 341 (Neb. 2012) ("To make a prima facie case of medical malpractice, a plaintiff must show (1) the applicable standard of care, (2) that the defendant deviated from that standard of care, and (3) that this deviation was the proximate cause of the plaintiff's harm.") Plaintiff utilized the Pro Se 1 Form Complaint for a Civil Case and indicated the basis for the Court's jurisdiction is a federal question but did not identify any specific federal laws at issue in this case. Filing No. 1 at 3. Upon review, the Complaint fails to establish that the Court may properly exercise subject matter jurisdiction over Plaintiff's claims.

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Original jurisdiction of the federal district courts over civil actions is generally set forth in 28 U.S.C. §§ 1331 and 1332.

Subject-matter jurisdiction under 28 U.S.C. § 1331, commonly referred to as "federal question" jurisdiction, is proper when a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States. McLain v. Andersen Corp., 567 F.3d 956, 963 (8th Cir. 2009). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir. 1990). Here, the allegations of Plaintiff's Complaint do not establish the requisite "federal question" for the Court to exercise jurisdiction under § 1331.

Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). While Plaintiff alleges a sufficient amount in controversy, Plaintiff's allegations fail to establish complete diversity of citizenship between the parties as both Plaintiff and Dr. Jeffrey are alleged to be citizens of Nebraska. Filing No. 1 at 3. As a result, the Complaint's allegations fail to establish that subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

On the Court's own motion, Plaintiff will be given 30 days to file an amended complaint that clearly sets forth a basis for this Court's jurisdiction. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against Defendant Dr. Jeffrey will be dismissed without prejudice and without further notice.[1] The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **April 27, 2023**, to file an amended complaint that clearly sets forth a basis for this Court's jurisdiction. Failure to file an amended

---

[1] To be clear, a dismissal without prejudice would not prevent Plaintiff from re-filing her state-law claims in state court.

complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

      2.     The Clerk of the Court is directed to set the following pro se case management deadline: **April 27, 2023**: check for amended complaint.

Dated this 28th day of March, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

5