IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SANDRA ANN COZART, | |
| Plaintiff, | 8:22CV333 |
| vs. | |
| DANIEL J. JEFFREY, MD; | MEMORANDUM AND ORDER |
| Defendant. | |

On March 28, 2023, the Court conducted an initial review of Plaintiff's Complaint, Filing No. 1, and concluded that the Complaint's allegations failed to establish the Court's subject-matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332. Filing No. 6. On its own motion, the Court gave Plaintiff 30 days "to file an amended complaint that clearly sets forth a basis for the Court's jurisdiction." *Id.* at 4. On April 26, 2023, Plaintiff timely filed her Amended Complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF AMENDED COMPLAINT**

Plaintiff's Amended Complaint is a one-page handwritten document consisting of a list describing six attachments to the Amended Complaint, which include medical records, photographs, and a copy of the first page of the Court's Memorandum and Order on initial review. Filing No. 7. Upon review, it is clear that Plaintiff intended her Amended Complaint to supplement, rather than supersede, her original Complaint, and the Court will consider the Amended Complaint as supplemental to the Complaint. *See* NECivR15.1(b).

As the Court summarized in its order on initial review,

Plaintiff, a citizen of Nebraska residing in Omaha, sues Dr. Daniel Jeffrey, M.D. ("Dr. Jeffrey"), for damages stemming from the death of her husband. Plaintiff alleges that on October 7, 2020, Dr. Jeffrey asked Plaintiff's husband, James, to take a flu shot, which James did. Subsequently, on November 4, 2020, Dr. Jeffrey told James he "didn't have [a] record of the October shot and James took the shot and passed away 8 days later." Filing No. 1 at 4. Plaintiff alleges James "only took the second shot to keep Dr. Jeffrey from disrespecting me, because I was positive that he had already had that shot in October! So [Plaintiff and Dr. Jeffrey] were arguing, which upset [Plaintiff's] Husband." *Id*.

Filing No. 6 at 1. In her Amended Complaint, Plaintiff appears to adopt the Court's summary of her Complaint as an accurate statement of her claim. Filing No. 7 at 1, 4.

Liberally construed, Plaintiff alleges the medical records and photographs included with her Amended Complaint show that her husband, James, was in good health prior to the second flu shot being administered on November 4, 2020.

## II. DISCUSSION

The additional allegations provided in Plaintiff's Amended Complaint fail to establish a basis for this Court's jurisdiction. As the Court explained in its previous order on initial review, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject-matter jurisdiction may be proper under 28 U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Subject-matter jurisdiction may also be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the

2

citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted).

Here, Plaintiff's Amended Complaint suffers from the same jurisdictional defects identified in the Court's March 28, 2023 Memorandum and Order on initial review. Plaintiff's allegations do not suggest the existence of a federal question nor are the parties diverse. Thus, the Court lacks subject matter jurisdiction to consider Plaintiff's state-law professional negligence claim against Dr. Jeffrey, and the Complaint and Amended Complaint must be dismissed. If Plaintiff wishes to pursue her medical malpractice claim against Dr. Jeffrey, then she must file her claims in state court.[1]

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice for lack of subject matter jurisdiction.

2. A separate judgment shall be entered.

Dated this 2nd day of May, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[1] Pursuant to Neb. Rev. Stat. § 25-222, "[a]ny action to recover damages based on alleged professional negligence . . . shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action." While more than two years have now elapsed since the alleged professional negligence of Dr. Jeffrey occurred on November 4, 2020, Plaintiff filed her Complaint in this Court within the two-year limitations period and the limitations period is tolled pursuant to 28 U.S.C. § 1367, which provides: "The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Thus, since Plaintiff timely filed her Complaint in this Court, she has at least 30 days after this matter is dismissed to pursue her claim in state court.